UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Adrian Dominic Riley, also known as Amiri Rasheed-El,**

   **Petitioner,**

v.

**Michelle Smith, Warden,**

   **Respondent.**

Civil No. 13-0674 (SRN/JJG)

REPORT AND RECOMMENDATION

---

JEANNE J. GRAHAM, United States Magistrate Judge

  This case is before the undersigned United States Magistrate Judge on Adrian Dominic Riley's Petition for Writ of Habeas Corpus (ECF No. 1), filed pursuant to 28 U.S.C. § 2254, and Motion for New Trial (ECF No. 2). The petition and motion were referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b) and District of Minnesota Local Rule 72.1. As set forth below, the Court recommends that the petition be denied because the claims are either barred by the applicable one-year statute of limitations or are not cognizable on federal habeas review. The Court further recommends that the motion be denied as moot.

**I. Background**

  **A. State Proceedings**

  On April 25, 1996, Adrian Dominic Riley ("Riley") was convicted by a jury of three counts of first-degree murder and three counts of second-degree murder. (Resp't's App. 86-91, ECF No. 16-1.) The state trial court sentenced Riley to three consecutive life sentences for the first-degree murder convictions. *State v. Riley*, 568 N.W.2d 518, 520 (Minn. 1997) ("*Riley I*"). On appeal to the Minnesota Supreme Court, Riley argued that (1) probable cause did not support

his warrantless arrest; (2) evidence seized during his arrest and a statement he made to police should have been suppressed; (3) a ballistics expert's testimony should have been excluded as conclusive; and (4) evidence that Riley was willing to take a polygraph test should have been admitted. *Id.* The Minnesota Supreme Court affirmed on all issues. *Id.*

Ten years later, on July 30, 2007, Riley filed a postconviction petition in which he asked for DNA and fingerprint testing of certain evidence admitted during his trial, for the purpose of establishing his innocence. (Resp't's App. 231.) Riley claimed in an affidavit dated July 28, 2007, that an acquaintance named Joel White ("White") had told Riley on the night of the murders that White shot two of the victims. (Resp't's App. 241, 261.) Riley asked for DNA testing of human hair, cups, beer bottles, and cans found at the crime scene. (Resp't's App. 231-32.) He argued that new DNA testing technology, not available at the time of trial, now made the testing possible and would identify the real killer as White. (Resp't's App. 248, 253.) Riley abandoned the petition on or before August 24, 2007, and before the trial court issued a ruling. (Resp't's App. 305-06); *Riley v. State*, 819 N.W.2d 162, 166 (Minn. 2012) ("*Riley III*").

On November 9, 2009, Riley filed a second postconviction petition raising five claims: (1) the indictment violated the Double Jeopardy Clause; (2) probable cause did not support his arrest; (3) the verdict was not supported by sufficient evidence; (4) the trial court should have excluded the ballistics expert's testimony; and (5) the trial court admitted inadmissible hearsay evidence. (Resp't's App. 304); *Riley v. State*, 792 N.W.2d 831, 833 (Minn. 2011) ("*Riley II*"). The trial court found all claims barred by *State v. Knaffla*, 243 N.W.2d 737, 741 (1976). *See Riley II*, 792 N.W.2d at 833. The Minnesota Supreme Court affirmed pursuant to Minn. Stat. § 590.01, subd. 4(a), which provides that any person whose conviction became final prior to August 1, 2005, such as Riley, must move for postconviction relief within two years of that date.

*Riley II*, 792 N.W.2d at 833. Riley's petition, filed on November 9, 2009, was therefore time-barred. *Id.* at 834. Riley's claims were also deemed "frivolous." *Id.*

Riley filed a third postconviction petition on June 20, 2011, claiming he was entitled to either an evidentiary hearing or a new trial based on newly discovered evidence. (Resp't's App. 365); *Riley III*, 819 N.W.2d at 166. He again requested DNA and fingerprint testing of evidence, and he submitted affidavits from himself, White, and Landry Scott Goodwin ("Goodwin"). (Resp't's App. 366-67, 398-405.) In Riley's affidavit, he claimed that White had told him on the night of the murders that the victims had been shot. (Resp't's App. 399.) White averred in his affidavit that a friend of his named Joseph Papasodora ("Papasodora") had told him on the night of the murders that Papasodora shot the three victims in the course of a robbery. (Resp't's App. 402.) According to White, he immediately told Riley what Papasodora had told him. (*Id.*) In Goodwin's affidavit, he stated that Papasodora had also told him that Papasodora killed the three victims, but Goodwin kept quiet until January 2011. (Resp't's App. 404-05.) The trial court and state appellate courts concluded that the petition was both time-barred by Minn. Stat. § 590.01, subd. 4, and not supported by adequate proof. *Riley III*, 819 N.W.2d at 164.

B.    **Federal Habeas Petition**

Riley filed his federal habeas petition on March 25, 2013, alleging the following grounds for relief arising from his trial: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) wrongful admission of fingerprint and ballistics evidence. (Pet. 5, 8, 10, Mar. 25, 2013, ECF No. 1.)  In addition, Riley challenges the state courts' reliance on Minn. Stat. § 590.01, subd. 4, in denying his third postconviction petition, in light of the affidavits submitted by White and Goodwin. (Pet. 7.)

**II.     Discussion**

In reviewing a habeas petition, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). There are only three circumstances in which a federal court may grant a state prisoner's habeas petition brought under 28 U.S.C. § 2254: (1) when a state court adjudication was contrary to clearly established federal law, (2) when a state court adjudication involved an unreasonable application of clearly established federal law, or (3) when a state court adjudication was based on an unreasonable evaluation of the facts. *See* 28 U.S.C. § 2254(d). Review of the state court decisions underlying a state prisoner's habeas petition is "limited and deferential." *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (quotation omitted).

In addition, a one-year limitations period applies to habeas petitions filed pursuant to 28 U.S.C. § 2254.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Riley's Habeas Claims Arising from His Trial Are Untimely

Riley's habeas claims for ineffective assistance of counsel, prosecutorial misconduct, and admission of fingerprint evidence and ballistics testing are subject to § 2244(d)(1)(A). There was no unconstitutional, state-created impediment to filing a petition, *see* § 2244(d)(1)(B); newly-recognized constitutional right, *see* § 2244(d)(1)(C); or unknown factual predicate for the claims, *see* § 2244(d)(1)(D). Although Riley's claim of prosecutorial misconduct is based in part on White's affidavit, White averred in the affidavit that he had told Riley on the night of the murders that Papasodora admitted to shooting the victims. Thus, Riley knew even before trial about the information contained in White's affidavit.

Under § 2244(d)(1)(A), Riley's one-year clock for habeas review of his ineffective assistance of counsel, prosecutorial misconduct, and admission of fingerprint evidence and ballistics testing claims began running on approximately December 1, 1997. This date is calculated beginning with the date of the Minnesota Supreme Court's decision in *Riley I*, which was July 31, 1997. Judgment would have been entered about thirty days later. *See* Minn. R. Civ. App. P. 136.02 (providing that the appellate court clerk must enter judgment not less than thirty days after the decision). The time to petition the United States Supreme Court for review would have expired ninety days after that date, *see* Sup. Ct. R. 13(1), which was approximately December 1, 1997. Thus, on or about December 1, 1998, Riley's one-year period of time in which to bring federal habeas claims for trial errors expired. The later-filed postconviction

petitions did not revive the federal habeas statute of limitations. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

The doctrine of equitable tolling does not apply in the present circumstances. Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *see also White v. Dingle*, 616 F.3d 844, 847 (8th Cir. 2010) ("Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way."). Here, Riley has not demonstrated that he diligently pursued his rights to habeas relief, that Respondent or the state courts lulled him into inaction, or that an extraordinary event barred his path to federal habeas relief. Therefore, the Court recommends that Riley's habeas claims for ineffective assistance of counsel, prosecutorial misconduct, and admission of fingerprint evidence and ballistics testing be dismissed as untimely.

**B.     Riley's Habeas Claim Arising from the Adjudication of His Third Postconviction Petition Is Not Cognizable under § 2254**

Riley next challenges the Carver County District Court's reliance on Minn. Stat. § 590.01, subd. 4, in denying his third postconviction petition, in light of the affidavits submitted by White and Goodwin. While this claim is timely, as measured from the date of the entry of judgment by the Minnesota Supreme Court, "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (citation omitted). Because the United States Constitution does not require states to "provide a

means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Id.* (citation omitted); *see also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Any error in Bell-Bey's state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus."). Accordingly, Riley's claim that the Carver County District Court erred in adjudicating his postconviction petition is not cognizable on federal habeas review.

To the extent Riley intended to claim actual innocence and overcome the procedural bar to his claim, he must come forth with "new reliable evidence not available at trial," *see Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001), and demonstrate "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Riley has not satisfied either requirement. According to White's affidavit, he told Riley on the night of the murders that Papasodora had admitted to committing them. Because Riley knew of the evidence at the time of his trial, the evidence is not new. *Accord Riley III*, 819 N.W.2d at 169. In addition, the jury knew that the perpetrator matched Riley's physical description and that Riley's fingerprints were found at the murder scene and on the murder weapon. *Id.* at 170. There were no such independent connections between Papasodora and the victims, the crime scene, or the weapon. *Id.*

**III.    Motion for New Trial**

Riley's motion for a new trial is rendered moot by his failure to assert any meritorious grounds for federal habeas relief. Consequently, the Court recommends that the motion be denied as moot.

**IV.     Certificate of Appealability**

A state prisoner cannot appeal a final ruling on a federal habeas corpus petition unless he is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The petitioner must make "a substantial showing of the denial of a constitutional right" before a federal court grants a COA. 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds without reaching the merits of the underlying claims, such as the case at hand, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Each prong "is part of a threshold inquiry," and a court should determine whether a COA should issue under the procedural component if those grounds are more apparent. *Id.* at 485.

Here, it is virtually certain that no other court would conclude that dismissal of the petition on the procedural grounds discussed herein was incorrect or debatable. The limitations period for Riley's trial-based claims expired years before he filed his federal habeas petition, with no discernible grounds for statutory or equitable tolling. Riley's claim that the state courts erred in adjudicating his postconviction petition is simply not cognizable on federal habeas review, and Riley has not shown he is actually innocent. The Court therefore recommends that Riley not be granted a COA in this matter.

**V.     Recommendation**

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     The Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED**;

    2.      The Motion for New Trial (ECF No. 2) be **DENIED AS MOOT**;

    3.      No certificate of appealability be issued; and

    4.      **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: December 17, 2013

          s/ *Jeanne J. Graham*
          JEANNE J. GRAHAM
          United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 6, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.