# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Adrian Dominic Riley, also known as Amiri Rasheed-El,<br><br>Petitioner,<br><br>v.<br><br>Michelle Smith,<br><br>Respondent. | Case No. 13-cv-674 (SRN/JJG)<br><br>**MEMORANDUM OPINION AND ORDER** |

Adrian Dominic Riley, Bayport, Minnesota 55003, *pro se* Petitioner.

Matthew Frank and Michael T. Everson, Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, Saint Paul, Minnesota 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Petitioner Adrian Riley's Objections [Doc. No. 20] to United States Magistrate Judge Jeanne J. Graham's December 17, 2013, Report and Recommendation ("R&R") [Doc. No. 19].  The Magistrate Judge recommended that: (1) the Petition for Writ of Habeas Corpus [Doc. No. 1] be denied; (2) the Motion for New Trial [Doc. No. 2] be denied as moot; (3) no certificate of appealability be issued; and (4) judgment be entered accordingly.  For the reasons set forth below, the Court overrules Petitioner's objections and adopts the R&R in its entirety.

1

## II.     BACKGROUND

The Magistrate Judge's R&R thoroughly describes the factual and procedural background of Petitioner's case, and the Court incorporates it here by reference. On April 25, 1996, Petitioner was convicted by a jury of three counts of first-degree murder and three counts of second-degree murder. The state trial court sentenced Petitioner to three consecutive life sentences for the first-degree murder convictions, which the Minnesota Supreme Court affirmed. State v. Riley, 568 N.W.2d 518 (Minn. 1997).

Petitioner then filed three post-conviction petitions in state court. The first, filed on July 30, 2007 and requesting additional fingerprint and forensic testing, was abandoned by Petitioner on or before August 24, 2007, before the trial court issued an order. The second, filed on November 9, 2009, was summarily denied without an evidentiary hearing by the trial court, and the Minnesota Supreme Court affirmed. Riley v. State, 792 N.W.2d 831 (Minn. 2011). The third, filed on June 20, 2011, claimed that Petitioner was entitled to an evidentiary hearing or a new trial based on newly discovered evidence, and it requested additional fingerprint and forensic DNA testing. The trial court concluded that the third petition was time-barred and not supported by adequate proof, and the appellate courts affirmed. Riley v. State, 819 N.W.2d 162 (Minn. 2012).

On March 25, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on the following grounds: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) wrongful admission of fingerprint and ballistics evidence. (Pet. [Doc. No. 1].) Petitioner also challenges the state courts' reliance on Minn. Stat. § 590.01, subd. 4, in denying his third post-conviction petition. (Id. at 7.)

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the Report and Recommendation to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

Under 28 U.S.C. § 2254, federal court habeas review of state court criminal convictions resulting in incarceration is limited:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In addition, a one-year limitations period applies to Section 2254 petitions. 28 U.S.C. § 2244(d).[1]

---

[1] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpurs by a person in custody pursuant to the judgment of a State court. The limitation period

**B. Timeliness**

The R&R recommended denial of this Section 2254 petition because Petitioner brought it outside the applicable one-year limitations period. (Dec. 17, 2013, Order at 5-6 [Doc. No. 19].)  Petitioner objects that there is a basis for equitable tolling on two grounds: (1) Petitioner's purported eleven-year perseverance in bringing forth the affidavit of Mr. White, and (2) the affidavit of Mr. White, which avers that: "I am coming forward now because I was scared at the time and I ran away during the trial because I had a lot of issues going on . . . ."  (Objections ¶ 11 [Doc. No. 22].)

The Court respectfully disagrees.  Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or "when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).  "[A]ny invocation of equity to relieve the strict

---

shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. at 806.  Here, Petitioner has not shown that Mr. White's affidavit prevented Petitioner from timely filing his petition, or that Respondent lulled him into inaction.  Likewise, Petitioner's purported perseverance in bringing forth Mr. White's affidavit does not amount to diligent pursuit of his Section 2254 motion.  Equitable tolling is therefore inappropriate here.

Because Petitioner's Section 2254 motion is time-barred and equitable tolling does not apply, the Court does not reach the merits of Petitioner's claims for ineffective assistance of counsel, prosecutorial misconduct, and admission of fingerprint evidence and ballistics testing.  Thus, the Court denies Petitioner's Section 2254 motion with prejudice.

### C.  Certificate of Appealability

In order to appeal a final ruling on a federal habeas corpus petition, a state prisoner must be granted a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1).  The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).  The Court finds that Petitioner has not made such a showing.  Accordingly, it declines to issue a certificate of appealability.

## IV.  ORDER

The Court **OVERRULES** Defendants' Objections [Doc. No. 20] and **ADOPTS**

the Magistrate Judge's December 17, 2013, Report and Recommendation [Doc. No. 19].

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**;

2. The Motion for New Trial [Doc. No. 2] is **DENIED AS MOOT**; and

3. No Certificate of Appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   March 6, 2014                              s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Court Judge